1

2

3

4                          UNITED STATES DISTRICT COURT

5                         NORTHERN DISTRICT OF CALIFORNIA

6

7    JOHN L. PAULY,                          Case No.  3:23-cv-03108-JD

8                  Plaintiff,

9          v.                                ORDER RE DISMISSAL

10   GREGORY W. BECKER,

11                 Defendant.

12

13         Pro se plaintiff John L. Pauly sues Gregory W. Becker, the former President and CEO of

14   Silicon Valley Bank, for trading stock of Silicon Valley Bank (SVB) while in possession of

15   material, non-public information, in violation of Section 10(b) of the Securities Exchange Act, 15

16   U.S.C. § 78j(b), and SEC Rule 10b-5, 17 C.F.R. § 240.[1]  Pauly brings suit as an individual

17   plaintiff, not on behalf of a putative class.

18         Becker asks to dismiss Pauly's complaint under Federal Rules of Civil Procedure 8(a), 9(b)

19   and 12(b)(6), and the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4.[2]  Dkt.

20   No. 38.  Pauly submitted several letters opposing Becker's motion, Dkt. No. 42, which did not

21   conform with the Northern District of California's Local Rules, this Court's standing orders, or

22   this Court's prior order.  *See* Dkt. No. 41.  Even so, the Court will treat them as an opposition brief

23   in light of Pauly's pro se status.  The complaint is dismissed.

24

25

26

27   _____

     [1] In a letter to the Court, Pauly says his complaint was not submitted *pro se*, Dkt. No. 42 at ECF
28   p. 16, but no attorney has appeared on his behalf.
     [2] The PSLRA applies only to private actions brought as plaintiff class actions, 15 U.S.C. § 78u-
     4(a)(1), and does not apply to Pauly's individual action.

United States District Court
Northern District of California

**LEGAL STANDARDS**

Pro se pleadings are liberally construed. *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1990). The standards that govern a Rule 12(b)(6) motion to dismiss are well established, and are incorporated here. *See McLellan v. Fitbit, Inc.*, No. 3:16-cv-00036-JD, 2018 WL 2688781, at *1 (N.D. Cal. June 5, 2018); *BPi Bright Power, Inc. v. Umpqua Holding Corp.*, No. 22-cv-03285-JD, 2023 WL 3029237, at *1 (N.D. Cal. Apr. 19, 2023). In pertinent part, Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a complaint make "a short and plain statement of the claim showing that the pleader is entitled to relief." To meet that rule and survive a Rule 12(b)(6) motion to dismiss, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

"To plead a claim under Section 10(b) and Rule 10b-5, [Pauly] must allege: (1) a material misrepresentation or omission; (2) scienter; (3) a connection between the misrepresentation or omission and the purchase or sale of a security; (4) reliance; (5) economic loss; and (6) loss causation." *Purple Mountain Trust v. Wells Fargo & Co.*, 432 F. Supp. 3d 1095, 1102 (N.D. Cal. 2020) (quoting *Or. Pub. Emps. Ret. Fund v. Apollo Grp. Inc.*, 774 F.3d 598, 603 (9th Cir. 2014) (internal citations omitted)). Section 10(b) claims are subject to the heightened pleading standards of Rule 9(b), which requires that "a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b); *see also Purple Mountain Trust*, 432 F. Supp. 3d at 1100. The touchstone of Rule 9(b) is notice. "A pleading is sufficient under rule 9(b) if it identifies the circumstances constituting fraud so that a defendant can prepare an adequate answer from the allegations." *Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 540 (9th Cir. 1989). A "pleading must identify the who, what, when, where, and how of the misconduct charged, as well as what is false or misleading about the purportedly fraudulent statement, and why it is false."

United States District Court
Northern District of California

*United States ex rel. Silingo v. WellPoint, Inc.*, 904 F.3d 667, 677 (9th Cir. 2018) (internal quotations and citation omitted); *see also In re Wells Fargo Forbearance Litig.*, No. 20-cv-06009-JD, 2023 WL 3237501, at *1 (N.D. Cal. May 2, 2023).

## DISCUSSION

The reasons for dismissing the complaint are straightforward.  As alleged in the complaint, on February 5, 2021, Pauly purchased eight shares of SVB stock at $491.05 per share.  Dkt. No. 1 ¶ 69.  On February 27, 2023, Becker sold 12,451 shares of SVB stock at $287.42 per share.  *Id.* ¶ 70.  Pauly says that at the time of this sale, Becker possessed material, nonpublic information when orchestrating these trades, in violation of Section 10(b) and Rule 10b-5.  *Id.* ¶¶ 9, 11, 290, 298.

Becker's suggestion that the complaint should be dismissed because Rule 10b-5, on its own, does not authorize a private right of action, Dkt. No. 38 at 3-4, is not well taken.  Although Pauly's pro se complaint certainly emphasizes Rule 10b-5, a fair reading of the allegations is that he seeks recovery for a "Violation of Section 10(b) of the Exchange Act and Rule 10b5 and Rule 10b5-1."  Dkt. No. 1 ¶ 11.  For present purposes, this is enough for Pauly to proceed under Rule 10b-5 and Section 10(b).  *See Superintendent of Ins. of State of N.Y. v. Bankers Life & Cas. Co.*, 404 U.S. 6, 13 n.9 (1971) (recognizing a private right of action under Section 10(b)).

Pauly's "standing" to sue is a different matter.  To sue under Section 10(b), Pauly must have traded SVB stock at "about the same time" as Becker.  *See Brody v. Transitional Hosps. Corp*, 280 F.3d 997, 1001 (9th Cir. 2002) (citing *Neubronner v. Milken*, 6 F.3d 666, 669 (9th Cir. 1993)).  The contemporaneous trading requirement is a judicially created limitation, and it permits only parties who "have traded with someone who had an unfair advantage" "to maintain inside trading claims."  *Neubronner*, 6 F.3d at 670 (discussing *Wilson v. Comtech Telecommunications Corp.*, 648 F.2d 88 (2d Cir. 1981)).[3]  Without this requirement, an insider defendant may be subject to disproportionate liability.  *See Brody*, 280 F.3d at 1001 (citing *Neubronner*, 6 F.3d at 670).

---

[3] Although rather loosely referred to as a "standing" concern, the limitation does not implicate Article III standing.  *See Brody*, 280 F.3d at 1001 n.3.

*United States District Court*
*Northern District of California*

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

The facts alleged in the complaint indicate that Pauly's share purchases preceded Pauly Becker's alleged insider trade in February 27, 2023, by just over two years.  *See* Dkt. No. 1 ¶¶ 69, 70(c).  Although an outer boundary on the contemporaneous trading requirement has not been definitively stated, the two-year gap here does not fit the notion of events occurring in the same period of time, which "contemporaneous" denotes.  Our circuit has indicated as much by concluding that even a two-month gap "exceeds any possible delineation of a contemporaneous trading period."  *Brody*, 280 F.3d at 1002.

## CONCLUSION

Consequently, the complaint is dismissed.  Although the Court has some doubt that Pauly has room to amend in a meaningful way, he may file an amended complaint consistent with this order by March 8, 2023.  No new claims or parties may be added without the Court's prior consent.  A failure to meet this deadline will result in dismissal of the case under Rule 41(b).

**IT IS SO ORDERED.**

Dated:  February 14, 2024

_____
JAMES DONATO
United States District Judge

4